## W. O. SHATTUCK *vs.* THE WROUGHT IRON RANGE CO.

May Term, 1897.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ

*V. S. 1232—Treating Jury—Agency.*

One, whom the court found to represent the recovering party at the trial, procured the jury to be treated to cigars during the term, and the verdict was set aside under V. S. 1232. *Affirmed.*

ASSUMPSIT for breach of warranty of a range sold to the plaintiff by the defendant. Trial by jury at the December Term, 1896, Caledonia County, *Taft*, J., presiding. Verdict

for the defendant. The plaintiff moved to set aside the verdict and upon hearing the motion was granted. The defendant excepted.

The court found that C. A. Day soon after the return of the verdict procured the jury to be treated to cigars; that Day had been a witness for the defendant upon the trial, and its superintendent for the territory in which the sale was made, and attended the trial as the representative of the defendant. There was no evidence that the defendant directed or ratified the act of Day in treating the jury.

*Bates, May & Simonds* for the defendant.

Day's act ought not to bind the defendant for it was unlawful and was never directed nor ratified by it. The act was not fairly within the scope of his authority even if he was the general agent of the defendant.

*W. P. Stafford* for the plaintiff.

TYLER, J   The finding of the county court that Day represented the defendant is conclusive, and brings the case within the provisions of V. S. 1232, as construed in *Baker* v. *Jacobs*, 64 Vt. 197. The court properly set the verdict aside.

*Judgment affirmed and new trial granted.*